**FERGUSON–STEERE MOTOR COM-**
**PANY, Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS, CHAUFFEURS, WARE-**
**HOUSEMEN, AND HELPERS, LOCAL**
**NO. 577, Appellee.**

No. 15353.

United States Court of Appeals
Fifth Circuit.

June 24, 1955.

W. W. Gibson, Amarillo, Tex. (Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., of counsel), for appellant.

Charles J. Morris, Dallas, Tex. (Mullinax & Wells, Dallas, Tex., of counsel), for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Asserting jurisdiction under paragraph (d) of Section 8 and paragraphs (a), (b), and (c) of Section 185, 29 U.S.C.A. § 158(d) and § 301, Labor Management Relations Act,[1] plaintiff brought

---

1. "§ 185. Suits by and against labor organizations—Venue, amount, and citizenship

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having

this suit against defendant, a labor union, for a declaratory judgment, that a bargaining contract entered into between plaintiff and defendant Feb. 8, 1952, had been automatically renewed for an additional term of two years.

The claim was that the union had failed, prior to sixty days before the expiration of the agreement, to give notice as provided for in the contract of its desire to modify the existing agreement and to submit simultaneously therewith its desired amendments, and that, because of such failure, the contract had been automatically renewed.

Defendant moved to dismiss for want of federal jurisdiction and, subject thereto, joined issue with plaintiff's claim of automatic renewal.

The district judge, of the opinion, for the reasons given and upon the authorities cited by him, that there was federal jurisdiction, denied the motion to dismiss and heard on their merits the issues tendered.

We think that in so doing he erred. Whatever, in the conflicting[2] state of the authorities, might have been thought as to the state of the law at the time the district judge made his decision, we are of the view that, in the light of the quite recent decision in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348

U.S. 437, 75 S.Ct. 488, 501, the law is otherwise. There, where the suit was brought by their union on behalf of employees for accrued wages due them, the Supreme Court, in a full scale opinion, canvassing the meaning and scope of Section 301 of the Labor Management Act, held that congress did not intend thereby to, and did not, clothe federal courts with general jurisdiction in all suits by and against labor unions. So holding, it affirmed a judgment of the Court of Appeals, directing the dismissal of the suit for want of jurisdiction.

Here appellant urges upon us that; as shown by the concurring opinions, a great deal of the discussion in the main opinion was beside the mark of the decision; that it is authority for and only for the view announced in the concurring opinion of Mr. Chief Justice Warren and Mr. Justice Clark, that "the language of § 301 is not sufficiently explicit nor its legislative history sufficiently clear to indicate that Congress intended to authorize a union to enforce in a federal court the uniquely personal right of an employee for whom it had bargained to receive compensation for services rendered his employer", and that the decision is not authority for the view that the section does not confer jurisdiction of the instant suit.

We cannot agree with this view. The invoked section does not in terms refer to

jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against

the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

"Jurisdiction

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

2. Cf. cases cited in notes to Sec. 185, 29 U.S.C.A., particularly notes 3, 4, 4a, 4b and 5a.

844

issues of the kind litigated here. We do not think it extends to such issues. Indeed subsection (a) deals expressly with and only with suits "for violation of a contract * * *" between an employer and a labor organization. We think that nothing in the language and structure of the section or in its context and history authorizes the view that either its purpose or its scope contemplates the bringing in federal courts of suits of the kind dealt with here for a declaratory judgment as to a controversy which, under Sec. 158(d) (1), (2), (3) and (4), Title 29 U.S.C.A., is peculiarly within the competence and jurisdiction of the Labor Board.

The judgment is reversed with directions to dismiss the suit for want of federal jurisdiction.