**Richard GIBBONS, etc., Plaintiff,**

v.

**Paul TRAPNELL et al., Defendants.**

**No. 1601.**

United States District Court
S. D. California, S. D.

Dec. 7, 1955.

Judgment of Dismissal Dec. 19, 1955.

---

**1.** Emergency Price Control Act of 1942, § 204(a), 56 Stat. 31, 50 U.S.C.A.Appendix, § 924(a).

John C. Stevenson and Lionel Richman, Los Angeles, Cal., for plaintiff.

Horton & Knox and James H. Carter, El Centro, Cal., for defendant Trapnell.

MATHES, District Judge.

This cause having come before the Court for hearing on defendants' motion filed October 31, 1955, to dismiss the action, and plaintiff's motion filed November 3, 1955, to amend his complaint to join the claimant employees as co-plaintiffs; and the motions having been submitted for decision; and it appearing to the Court:

(1) That this action was commenced on March 9, 1954, by the plaintiff, "Richard Gibbons, as a member, representative, Secretary-Treasurer, and on behalf of the membership of Truckdrivers, Warehousemen & Helpers, Local Union No. 898, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., an unincorporated association";

(2) That in the first cause of action for injunctive relief against an alleged breach of a collective bargaining agreement, plaintiff invokes the jurisdiction of this Court under § 301(a) of the Labor Management Relations Act of 1947 [29 U.S.C.A. § 185(a)], but the Act does not confer upon this Court jurisdiction of such a claim for injunctive relief (see: Associated Tel. Co., Ltd. v. Communications Workers, D.C.S.D.Cal.1953, 114 F.Supp. 334; International Longshoremen's etc., Union Local 142 v. Libby, McNeill & Libby, D.C.D.Hawaii 1953, 114 F.Supp. 249).

(3) That § 301 of the Labor Management Relations Act of 1947 does not confer upon this Court jurisdiction of the claims for unpaid wages asserted by the Union as assignee in the second and third causes of action (Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 1955, 348 U.S. 437, 461, 75 S.Ct. 489, 99 L.Ed. 510); and this Court has no jurisdiction of such claims in the absence of diversity of citizenship (see: 28 U.S.C. § 1332; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997, 1001; Id., 7 Cir. 1955, 223 F.2d 49, 48 A.L.R.2d 1285; Silverton v. Rich, D.C.S.D.Cal. 1954, 119 F.Supp. 434; cf. Hamilton Foundry & Mach. Co. v. International, etc., Workers, 6 Cir., 1951, 193 F.2d 209, 215, certiorari denied 1952, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363);

(4) That the Fair Labor Standards Act, under which the jurisdiction of this Court is invoked in the fourth

and fifth causes of action, does not authorize the action to be brought by an assignee or "an agent or representative," but only by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" (29 U.S.C.A. § 216(b); cf. La Guardia v. Austin-Bliss, etc., Co., D.C.S.D.N.Y. 1941, 41 F.Supp. 678); and the Act also provides that: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" [ibid.]; and

(5) That the Fair Labor Standards Act further provides that every action for unpaid overtime compensation or liquidated damages "shall be forever barred unless commenced within two years after the cause of action accrued" (29 U.S.C.A. § 255(a); cf. Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478), and that the action "shall be considered to be commenced in the case of any individual claimant—(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date * * * or (b) * * * on the subsequent date on which such written consent is filed * * *." [id. § 256];

It is now ordered that plaintiff's motion to amend is hereby denied, and that defendants' motion to dismiss the action is hereby granted for lack of jurisdiction over the subject matter of the first, second and third causes of action, and for failure to join an indispensable party to the fourth and fifth causes of action [Fed.Rules Civ.Proc., rule 12(b) (1, 7), 28 U.S.C.A.].

It is further ordered that this dismissal shall not constitute an adjudication upon the merits, and the judgment of dismissal shall so provide [Fed.Rules Civ.Proc., Rule 41(b)].

It is further ordered that defendants shall lodge with the Clerk, within five days, a judgment of dismissal, to be settled under local rule 7, West's Ann. Cal.Code.

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.

### Judgment of Dismissal

This cause came on to be heard on Defendant's Motion to Dismiss, and upon Plaintiff's Motion to Amend his Complaint, and the Court having received a stipulation by the parties hereto to submit the respective motions of the defendant and plaintiff upon the record and without oral argument, and the Court thereafter denied plaintiff's motion and granted defendant's motion to dismiss:

It is hereby ordered, adjudged and decreed that plaintiff's motion to amend is hereby denied, and that defendant's motion to dismiss the action is hereby granted for lack of jurisdiction over the subject matter of the first, second and third causes of action, and for failure to join an indispensable party to the fourth and fifth causes of action, and that the action be dismissed accordingly.

It is further ordered that the judgment of dismissal shall not constitute an adjudication upon the merits.