362

KENNAMETAL, Inc., a Pennsylvania corporation, Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, (UAW) AFL–CIO, a voluntary association, and Walter P. Reuther, Ray Ross, C. J. Hyde, and Grady Bishop, as members thereof and as representatives of all the members and locals thereof;

District 50, United Mine Workers of America, a voluntary association, and A. D. Lewis and Jess M. Vicini, as members thereof and as representatives of all the members and locals thereof; and

District 50, United Mine Workers of America, Local Union No. 13082, a voluntary association, and Richard Weppelman, Kenneth O'Hara, and Vaughn Shearer, as members thereof and as representatives of all the members thereof, Defendants.

Civ. A. No. 16324.

United States District Court
W. D. Pennsylvania.

April 22, 1958.

Nicholas Unkovic, Donald B. Heard, Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Morris Zimmerman, J. Alfred Wilner, Pittsburgh, Pa., Harold Cranefield, Detroit, Mich., Lowell Goerlich, Washington, D. C., for defendant UAW.

James E. McLaughlin, James P. McArdle, Pittsburgh, Pa., for defendants

Dist. 50 and District 50, Local Union No. 13082.

McILVAINE, District Judge.

The plaintiff, Kennametal, Inc., in December of 1956, entered into a contract with District 50 of the United Mine Workers on behalf of Local No. 13082 of the United Mine Workers, which contract was to expire on November 26, 1959. This contract provided for, among other things, a check-off of dues.

On or about March 29, 1957, United Automobile Workers petitioned the National Labor Relations Board to hold an election asking the employees of the plaintiff corporation whether they desired to be represented by the United Auto Workers. The election was held and the majority voted in favor of the Auto Workers. Thereafter, a representative of the Auto Workers allegedly advised the plaintiff that it should discontinue deducting dues from the employees.

In the meantime the plaintiff corporation had taken action requesting that the National Labor Relations Board not certify the Auto Workers as a bargaining agent. Conflicting claims apparently were arising as to who should be entitled to the dues. The plaintiff also maintained that the Auto Workers and the employees were bound by the contract that it had negotiated with the Mine Workers. The plaintiff thereupon brought this lawsuit asking relief by way of an interpleader as to who should be entitled to the money that it had checked off; and in a second cause of action it seeks a declaratory judgment that would bind the United Auto Workers and the employees to the contract entered into between it and the United Mine Workers. Thereafter, the United Auto Workers filed motions to dismiss both causes of action.

The Court, having previously permitted the Kennametal corporation to pay $5,660 into the Registry of the Court, directed that each defendant file a claim to the money in dispute. District 50 filed a claim for the money, but Local

Union No. 13082 filed no claim. The United Auto Workers said that it could not be in a position to claim the fund or question the validity of the contract because it had not been certified, and in its answer to the amended complaint it does not claim the money. In January, 1958, the United Auto Workers were certified as the bargaining agent. The plaintiff, thereafter, amended its complaint to reflect the change in circumstances, and the Court is now faced with the basic question raised by the United Auto Workers to dismiss the complaint.

■ At the present state of the record, there is only one claimant to the fund, the United Mine Workers, District 50, whose residence appears to be in Washington, D. C. The United Mine Workers Local 13082 did not file a claim to this money; therefore, we do not have a claimant who is a resident of this district. The plaintiff in its brief says it is essential that one or more of the claimants reside in the Western District of Pennsylvania, and urges that the residence of Local 13082, District 50, in Pennsylvania satisfies this requirement. This residence requirement is set out in 28 U.S.C.A. § 1397 as follows:

"Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."

In view of the fact that the Local has abandoned its claim to the fund, and that the United Auto Workers is not claiming the fund, there is no real claimant within the district to satisfy the venue requirements of Section 1397. In addition there being only one claimant to the fund, the Court would have no jurisdiction to determine the claim.

■ The plaintiff has asked the Court to join as defendants two individual employees. However, it is apparent to the Court that there are many if not hundreds of individual employees who might have claims to this fund. The plaintiff has not sought to join all of them, and

we will not permit the mere joinder of two just for the purpose of giving the Court venue.

In view of the present state of the record, the defendant, United Auto Workers', motion to dismiss is well taken and the first cause of action, therefore, must be dismissed.

In respect to Count 2, the question very simply is whether the United Auto Workers may bargain with Kennametal for a new contract, or are they bound and prohibited from doing so by the former contract entered into between the United Mine Workers and Kennametal? United Auto Workers maintain that they are not so bound. Kennametal on the other hand claims that they are bound. Kennametal seeks a declaratory judgment to this effect. The United Auto Workers maintain that the Court does not have the jurisdiction to make such a declaratory judgment because the jurisdiction of the Court under Section 301; Labor Management Relations Act of 1947, 29 U.S.C.A. § 185 is limited.

The dispute between the Auto Workers and Kennametal appears to directly and primarily affect the rights of the union and the company even though of necessity there are involved certain uniquely personal rights of the employees.

Under the reasoning of Judge Hastie of our Court of Appeals as set forth in the case of United Steelworkers of America v. Pullman-Standard Car Mfg. Co., 3 Cir., 1957, 241 F.2d 547, and applying what we believe to be the majority view of the Supreme Court in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510, and Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, this Court might have jurisdiction over Count 2, the declaratory judgment action to determine whether there is a violation of a contract by a labor organization representing employees and the employer. The basic question is whether we have jurisdiction or not. The Auto Workers maintain that the court has no jurisdiction because they were not a party to the contract, and the court can have jurisdiction under Section 301 only between a union and the employer where there is a dispute or violation of a contract involved to which they were a party. Kennametal says the Auto Workers are bound by this contract. The Auto Workers say they are not. If the Auto Workers are bound by the contract by operation of law, then the refusal to recognize the contract would be a violation of the contract. On the other hand, if they are not bound to the contract by operation of law, then there could not be a violation of a contract involved, and the court would not have jurisdiction. This leads to the conclusion or to the problem that in order to determine the question of jurisdiction the court has to determine the fundamental question in which Kennametal seeks a declaratory judgment. Thus, we feel that a decision on the question of jurisdiction will answer the very question on which Kennametal seeks a declaratory judgment. We, therefore, will not rule on the question of jurisdiction at this time until a full hearing is held on the question of whether the United Auto Workers are bound to the contract by operation of law. In view of the fact that this involves the question of jurisdiction of the court, a declaration of rights of employees and an employer, and a matter of important concern to many working men, this Court will direct that the case be set down for an early hearing, and will attempt to make an expeditious determination of the question involved.