**EMPLOYING PLASTERER'S ASSOCIA-
TION OF CHICAGO, Plaintiff,**

v.

**OPERATIVE PLASTERERS AND CE-
MENT MASONS INTERNATIONAL
ASSOCIATION OF UNITED STATES
AND CANADA, and International La-
bor Organization, et al., Defendants.**

No. 58 C 1894.

United States District Court
N. D. Illinois, E. D.
April 6, 1959.

Seyforth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Asher, Gubbins & Segall, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

Plaintiff, Employing Plasterer's Association, an Illinois corporation, brings this action against defendants for Declaratory Judgment (28 U.S.C. § 2201) by virtue of, and under the jurisdictional provisions of Sec. 301 of the Labor-Management Relations Act of 1947 (c. 120, Tit. III, Sec. 301, 61 Stat. 156, 29 U.S.C.A. § 185).

Plaintiff as the duly authorized agent for its forty-five members who are engaged in the lathing and plastering business in Chicago, entered into a written collective bargaining agreement with defendant union, Local No. 5 of Chicago of the Operative Plasterers and Cement Masons International Association of the United States and Canada. This agreement, June 1, 1955, which is to remain in

full force and effect until June 1, 1960, provides, insofar as material, as follows:

"Article 5

"Sec. 1. The Party of the Second Part (Local No. 5) agrees that its members will accept the wages stipulated in this Agreement or those which may be later fixed by the parties hereto, as the Union scale. (Bracketed material added)

"Article 6

"Sec. 1. The members of the Party of the First Part (Employing Plasterer's Association of Chicago) agree that they will pay their employees members of the Party of the Second Part (Local No. 5), a sum of wages not less than those fixed by this contract, or which may be later agreed upon between the parties hereto. (Bracketed material added)

"Article 13

" * * * Wage rates are to be negotiated yearly to take effect on June 1st unless otherwise agreed upon."

Pursuant to these Articles, the parties, through a negotiating committee, engaged in collective bargaining and negotiations on the subject of wages during the year 1957 and on May 29, 1957, entered into a written supplemental contract which reads as follows:

"After much discussion for and against the raise in wages requested, the Board agreed to a raise of .15½ cents for two years beginning June 1, 1957, to June 1, 1959."

Plaintiff alleges that subsequent to this agreement, defendants have engaged in a host of diverse, "improper, unlawful and wrongful acts" for the purpose of forcing plaintiff to grant an additional wage increase in violation of the agreement of the parties. Because of these allegedly wrongful acts which run a full gamut from direct demands for collective bargaining on the subject of wages to the prejudicial publication and circulation of a certain "complete compilation", plaintiff alleges that an actual controversy exists between the parties and prays for a Declaratory Judgment determining the rights of the parties under the agreements of 1955 and 1957.

Defendants have moved to dismiss the complaint and for judgment upon the following grounds:

"1. Sec. 301(a) does not apply to the subject matter of this suit;

"2. Plaintiff is not a proper party plaintiff under either Sec. 301(a) or 28 U.S.C. Rule 17(a);

"3. Plaintiff's failure to bargain collectively constitutes an unfair labor practice the jurisdiction of which is in the National Labor Relations Board and not in the Federal courts;

"4. The complaint fails to set forth sufficient facts to show that plaintiff is engaged in an industry affecting interstate commerce or that the matters complained of affected interstate commerce within the meaning of Sec. 301(a);

"5. The complaint states no cause of action against defendants in their individual capacity and should be dismissed as against them in that respect."

The Supreme Court of the United States, after a study of the legislative history of Sec. 301(a) of the Labor Management Relations Act, has pointed out in Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, that the purpose of Congress in giving Federal courts jurisdiction over suits for violation of labor contracts was not only to establish that unions as well as employers should be bound by collective bargaining agreements but also to provide a procedure for making such agreements enforceable in courts by either party. As the Court stated at page 455, of 353 U.S., at page 917 of 77 S.Ct.:

" * * * The legislation does more than confer jurisdiction in the federal courts over labor organizations. It expresses a federal policy

that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way."

■ The type of "agreement" to which federal jurisdiction extends by virtue of Sec. 301(a) has likewise been discussed by the Supreme Court. On the one hand, suits by a union to enforce "uniquely personal rights" of an employee for wages will not lie under Sec. 301(a) and will be dismissed for lack of jurisdiction because such claims arise out of individual employment contracts of employees. Textile Workers Union of America v. Lincoln Mills of Alabama, supra; Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510; United Steelworkers of America v. Pullman Standard Car Manufacturers, 3 Cir., 241 F.2d 547; Textile Workers Union of America v. Cone Mills Corporation, D.C., 166 F.Supp. 654. On the other hand, suits for the enforcement of collective bargaining agreements which are not primarily concerned with "uniquely personal rights" are enforceable in the federal courts by either employer or union. Textile Workers Union of America v. Lincoln Mills of Alabama, supra.

■■ As to defendant's first contention in support of their motion to dismiss, I hold that Sec. 301(a) does apply to the subject matter of this suit. Jurisdiction of this suit is dependent upon Sec. 301(a) since the Declaratory Judgment Act does not confer jurisdiction on the federal courts where none otherwise exists. Since Sec. 301(a) expressly applies to suits for "violation of contracts" it is defendant's contention that jurisdiction cannot be extended to suits for "construction of contracts". It is their position that Sec. 301(a) confers jurisdiction on the federal courts for the sole purpose of bringing an action for *damages* for violation of contract and in support of this position they cite the following cases: United Steelworkers of

America v. Pullman-Standard Car Mfg. Co., 3 Cir., 241 F.2d 547; Ferguson-Steere Motor Co. v. International Bro. of Teamsters, etc., 5 Cir., 223 F.2d 842; Studio Carpenter's Local Union No. 946 v. Loew's Inc., 9 Cir., 182 F.2d 168; Gibbons v. Trannell, D.C., 151 F.Supp. 453, 454; International Longshoremen's and Warehousemen's Union v. Libby, Mc-Neill and Libby, 9 Cir., 114 F.Supp. 249.

A clear reading of the Supreme Court decision in the Lincoln Mills case, supra, would have dispelled any need for such argument. At page 458, of 353 U.S., at page 918 of 77 S.Ct., the Court expressly states, " * * * We see no justification in policy for restricting § 301 (a) to damage suits * * * " Besides the fact that the tenor and philosophy of the decision manifests a policy that would include a suit for Declaratory Judgment within the jurisdictional limitations of Sec. 301(a), the Court quotes with approval from the House Bill debates at pages 455, 456, of 353 U.S., at page 917 of 77 S.Ct., as follows:

"Mr. Barden * * * In other words, proceedings could for example, be brought by the employers, the labor organizations, or interested individual employees under the Declaratory Judgments Act in order to secure declarations from the Court of legal rights under the contract.

"Mr. Hartley * * * The interpretation the gentleman has just given of that section is absolutely correct."

The cases cited by defendants all precede the Lincoln Mills case supra, and, furthermore, for the most part, are not in point. It is clear today that Federal courts have jurisdiction by virtue of Sec. 301(a) to grant Declaratory Judgments. Kennametal, Inc. v. International Union, etc., D.C., 161 F.Supp. 362.

As to defendants' second contention in support of their motion to dismiss, I hold that plaintiff is a proper party plaintiff under both Sec. 301(a) and 28 U.S.C. Rule 17(a), Fed.Rules Civ.Proc. De-

fendants argue that plaintiff is not a proper party plaintiff under Sec. 301(a) because Sec. 301(a) does not refer to "employer organizations" and that therefore Congress did not intend to give such organizations the right to sue or be sued under Sec. 301(a). In support of this argument, defendants cite Farina Brothers Co. Inc. v. United Brotherhood of Carpenters, etc., D.C., 152 F.Supp. 423. In this case, it was held that an "individual member" of an association could maintain a suit under Sec. 301(a) when a strike occurred against such individual employer in violation of a contract entered into by an association. The strike was not against all members of the association, but only against plaintiff. Defendants cite the following *obiter dictum* from page 425:

> "In the ordinary course it is intended that an employer may sue. Where a number of employers in association and the union have bargained jointly, it must be apparent that the employer association is strictly not an 'employer' at all. The association may have, at most, a few skeleton employees. It is not for them that it bargained. The terms of the agreement above quoted make clear that each member of Associated was regarded as a separate employer. If anyone is unable to sue I think it more possible Associated.
>
> "* * * I believe there were here, in effect, several contracts, whether the individual employers signed or not, and that no disability resulted from the manner they were arrived at."

I reject this *obiter-dictum* for many reasons. First, the Court noted expressly that the strike was "not against all members of Associated, but only against the plaintiff" which is an entirely different case from the one at bar. Secondly, the Court failed to take into consideration Title 29 U.S.C.A. § 152, which defines "employer" as used in the Labor Management Relations Act as follows: "(2) The term 'employer' includes any person acting as an agent of an employer, directly or indirectly * * *" Significantly, defendants admit on page 9 of their brief that plaintiff "is suing as agent for, and on behalf of its employer members". Thirdly, this case was decided prior to the Lincoln Mills case, supra which has liberally construed Sec. 301(a) with a view to enforcing collective bargaining agreements between the parties so as to achieve industrial peace.

Defendants also contend that plaintiff is not a proper plaintiff under Sec. 301 (a) because of the fact that Federal courts do not have jurisdiction under Sec. 301(a) when a union sues on behalf of its employees for "uniquely personal rights." Association of Westinghouse Employees v. Westinghouse Electric Corporation, supra. Defendants argue that jurisdiction should likewise be lacking where an employer association sues for its employer members. In support of their contention, defendants cite the following cases: Kosley v. Goldblatt Bros. Inc., 7 Cir., 251 F.2d 558; United Protective Workers of America v. Ford Motor Co., 7 Cir., 194 F.2d 997; Marranzano v. Riggs National Bank of Washington, D. C., 87 U.S.App.D.C. 195, 184 F.2d 349; Holman v. Industrial Stamping and Manufacturing Co., D.C., 142 F. Supp. 215. These decisions all affirm the Supreme Court's holding in the Westinghouse case, supra, and do not in any way decide, by analogy or otherwise, that an employer association is not a proper party plaintiff under Sec. 301(a).

I reject this argument because in the instant case, there are no uniquely individual or personal rights involved to bring it within the purview of the Westinghouse decision, supra, even if that case were to be construed beyond its present limitation to suits by unions on behalf of unique, personal rights of employees. The basic concern of the instant suit is whether or not the union is entitled to reopen the entire wage provision for collective bargaining notwithstanding the agreement of May 29, 1957, which agreement closed wages for two years until June 1, 1959. This is a mat-

ter significantly affecting the Union-Association relationship in the area of collective bargaining. It is of special concern to both the Union and plaintiff Association as organizations because it involves the fundamental question of an enforcement of the collective bargaining agreement entered into by each of them.

I now consider defendant's contention that plaintiff is not a proper party plaintiff under Title 28 U.S.C. Rule 17(a) which provides as follows:

"(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. * * * *"

In support of their contention, defendants cite International Ladies Garment Workers Union, A. F. L. v. Jay-Ann Co., 5 Cir., 228 F.2d 632; Farmers Co-Op Oil Co. of Sheldon, Iowa v. Socony-Vacuum Oil Co., 8 Cir., 133 F.2d 101; Northern California Monument Dealers Association v. Interment Association of California, D.C., 120 F.Supp. 93; Alabama Independent Service Station Ass'n v. Shell Petroleum Corp., D.C., 28 F.Supp. 386. I have read these cases and find that none are in point.

■ On the contrary, Rule 17(a) expressly permits the instant suit to be brought by the plaintiff as an employer association and agent for its employer members on either grounds of: (a) the "party with whom or in whose name a contract has been made for the benefit of another"; or (b) "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought" which theory would also be applicable in view of the definition of "employer" as used in Sec. 301(a) and defined in Sec.

152. See, N. L. R. B. v. New Madrid Mfg. Co., 8 Cir., 215 F.2d 908, 913; N. L. R. B. v. Somerset Classics, 2 Cir., 193 F.2d 613, 615; N. L. R. B. v. Lund, 8 Cir., 103 F.2d 815, 819; Rock Drilling, etc. v. Mason and Hangar Co., D.C., 90 F.Supp. 539.

■ As to defendants' third contention in support of their motion to dismiss, I hold that plaintiff's failure to bargain collectively does not constitute an unfair labor practice with jurisdiction in the National Labor Relations Board and not in the Federal courts. I reject defendants' contention as injudicious upon its face since Title 29 U.S.C.A. § 158 (a)(5) and 158(d) are in no way involved in this action which seeks a declaratory judgment on the very issue of the parties' obligation, if any, to engage in collective bargaining on the issue of wages. To sustain defendants' contention would be to destroy the efficacy of Sec. 301(a).

■ As to defendants' fourth contention in support of their motion to dismiss, I hold that the Complaint does set forth sufficient facts to show that plaintiff is engaged in an industry "affecting commerce" as required by Sec. 301(a). Title 29 U.S.C.A. § 152 defines commerce as follows:

"(6) The term 'commerce' means trade, traffic, commerce, transportation, or communication among the several states. * * *

"(7) The term 'affecting commerce' means in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce."

It is defendants' position that plaintiff must allege facts showing that plaintiff Employer's Association is engaged in an industry affecting commerce. An equally compelling argument can be made that it is sufficient if only the "labor organization represents employees in an industry affecting commerce". Textile Work-

ers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972; Plumbers & Steamfitters Union, Local No. 598 v. Dillon, 9 Cir., 255 F.2d 820, 822. Such facts appear affirmatively from the pleadings of the parties.

However, as to defendants' contention that no facts are alleged to show that plaintiff is engaged in an industry "affecting commerce", paragraph 5 of the Complaint alleges:

"(5) Plaintiffs' members, as employers and contractors, enter into contracts with their respective customers to provide materials and lathing and plastering services in various building and construction work, and constitute an industry engaged in and affecting interstate commerce; that by reason of its members operations, said members contract for and receive annually shipments of raw materials and products for use in said construction and building work from places and locations outside the State of Illinois in a value in excess of $2,-000,000."

I cannot agree with defendants' contention that this allegation seeks to clothe plaintiff with the character of an organization engaged in interstate commerce by referring to the collective purchases of its collective members which are not parties to this action because such a contention overlooks the definition of an "employer" as defined in Sec. 152.

I also reject defendants' attempt to argue the maxim *de minimis non curat lex* since the purchase of over $2,000,000 worth of raw materials and products from other States can hardly be said to be that trifling an amount so as to deny the Federal court's jurisdiction under Sec. 301(a). On the contrary, I find from the pleadings of the parties that plaintiff was engaged in an industry affecting commerce within the jurisdictional limitations of Sec. 301(a).

As to defendants' final contention, it is ordered that the Complaint be dismissed against defendants in their individual capacities.

The motion of defendants to dismiss the Complaint and for judgment is denied.