**Application of CONTESSA LINGERIE, INC., Petitioner, for an order pursuant to Section 7503 of the C. P. L. R. to stay arbitration demanded by Undergarment and Negligee Workers' Union, Local 62, International Ladies Garment Workers Union, Respondent.**

United States District Court
S. D. New York.
Feb. 10, 1964.

Herbert Monte Levy, New York City, for petitioner.

Lieberman, Katz & Aronson, New York City, Marshall L. Rosenberg, New York City, of counsel, for respondent.

McLEAN, District Judge.

On September 9, 1963, petitioner Contessa Lingerie, Inc., filed its petition in the Supreme Court, New York County, for an order staying an arbitration which had been demanded on August 26, 1963 by respondent Undergarment and Negligee Workers' Union, Local 62 ("the union"). The union thereupon removed the proceeding to this court. Petitioner has moved to remand it. The question is whether this court has jurisdiction by virtue of Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185(a)), which confers jurisdiction of "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce * * *."

It appears from the petition and the exhibits thereto in the state court that Contessa Lingerie, Inc., at least until June 25, 1963, was a member of the Lingerie Manufacturers Association of New York, Inc., which, on behalf of all its members, including petitioner, had entered into a collective bargaining agreement with the union. This contract expired on June 30, 1963. The petition alleges that on June 25, 1963 petitioner resigned from the Association. Thereafter the Association negotiated a new collective bargaining agreement with the union which was signed on August 7, 1963, retroactive to July 1, 1963. This contract provided for arbitration of disputes between employers and the union before an "impartial chairman." The union demanded arbitration pursuant to this new contract.

The petition alleges that petitioner is not bound by the new contract, in view of its resignation from the Association prior to the execution of the contract. The petition seeks a stay of arbitration on the theory that there is no contract requiring it to arbitrate. The petition recognizes, however, that the union claims to the contrary and states, "We are prepared to have a trial forthwith of whether a valid agreement was made, provided that the respondent appropriately demonstrates that there is an issue as to this."

Petitioner argues here that since it is seeking to stay arbitration on the ground that no contract to arbitrate exists, the proceeding cannot be a suit for a "violation" of a contract, and hence that this court is without jurisdiction under Section 301(a). It cites certain cases which lend support to this contention. Consolidated Laundries Corp. v. Craft, 185 F.Supp. 631 (S.D.N.Y.1960); Hall v. Sperry Gyroscope Co., 183 F.Supp. 891 (S.D.N.Y.1960); Wamsutta Mills v. Pollock, 180 F.Supp. 826 (S.D.N.Y.1959).

I would be inclined to disagree with these decisions as being unduly restrictive, even if their authority remained unimpaired by later cases. Moreover, there are certain recent decisions of the Court of Appeals which, although the precise point here presented was not directly involved, reveal an attitude toward the question of the scope of this court's ju-

risdiction under Section 301(a) which, I believe, confirms my view.

There can be no doubt that the real issue between the parties here is whether or not a contract to arbitrate exists between them. If this court would have jurisdiction to decide this issue, if the litigation were commenced by the union, it should have jurisdiction to decide it when the litigation is commenced by the employer. It should make no difference which side starts the suit.

It is clear that this court would have jurisdiction if the action were begun by the union. It was settled some time ago that a suit for violation of a contract, within the meaning of Section 301(a), includes more than an action for money damages. This court has jurisdiction of an action begun in this court by a union to compel arbitration under an existing union contract. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

And it has recently been held that this court will entertain a suit by a union to compel arbitration where the issue is whether or not a contract exists. Proctor & Gamble Independent Union v. Proctor & Gamble Mfg. Co., 312 F.2d 181 (2d Cir. 1962), cert. denied, 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

It follows inevitably from these decisions that if the union had begun a proceeding in the state court to compel arbitration, claiming that a contract existed which the employer had broken by refusing to arbitrate, the employer could have removed the case to this court and the union could not have succeeded in remanding it.

The idea that the rule should be the same, regardless of which party initiates the litigation, finds support in the recent decision in Black-Clawson Co., Inc. v. International Ass'n of Mach., 313 F.2d 179 (2d Cir. 1962). That was an action by an employer for a declaratory judgment determining that an arbitration clause in an existing union contract did not cover the particular controversy. In holding that the court had jurisdiction, the court

pointed out that the union could have brought an action to compel the employer to arbitrate, and that the result, as far as jurisdiction is concerned, should not be different merely because the employer started the action for a declaration that it was not required to arbitrate. The court said (313 F.2d at 182):

"The issues of fact and of law to be determined by the court are the same, whether the complaint alleges a violation of the contract and requests arbitration or whether it alleges compliance with the contract and requests protection by declaratory judgment against improper demands for arbitration."

It follows from this decision, in my opinion, that this court has jurisdiction where the employer begins a proceeding for a determination that no contract requiring arbitration exists. If the rule works both ways in a case in which the issue is whether an arbitration clause covers the particular controversy, it should work both ways where the issue is whether there is any contract to arbitrate at all. There is no distinction in principle between the two situations and no reason for reaching one result in the former case and a different result in the latter. I hold, therefore, that this proceeding is one for violation of a contract within the meaning of Section 301(a).

Petitioner also claims that the proceeding should be remanded because the union does not represent petitioner's employees. This contention does not go to the jurisdiction of this court over this proceeding. It relates rather to the ultimate merits of the grievance which the union seeks to arbitrate. The answer to it may depend upon the construction given to the contract between the parties, if a contract is found to have been made. The only question before me is whether this court has jurisdiction to decide whether or not a contract was made. I hold that it does.

At the argument, the parties asked me to decide the case on the merits, in the event that I denied the motion to remand.

I do not believe that it is practicable to do so on the present papers. There may well be issues of fact which will require a trial. If the parties believe that no issue of fact exists, they are at liberty to make a motion for summary judgment in the usual way.

The motion to remand is denied.

So ordered.