**The LaSALLE & KOCH COMPANY, Plaintiff,**

v.

**Michael J. DOYLE et al., Defendants.**

**No. C 66–209.**

United States District Court
N. D. Ohio, W. D.

Dec. 29, 1966.

Merritt W. Green, Sr., Toledo, Ohio, for plaintiff.

Joseph E. Finley, Melvin S. Schwarzwald, Cleveland, Ohio, for defendants.

## MEMORANDUM
## RE
## PLAINTIFF'S MOTION TO REMAND

DON J. YOUNG, District Judge.

An action for injunction filed in the Lucas County Common Pleas Court by The LaSalle & Koch Company was removed to this Court by the Retail Store Employees Union, Local 954. Plaintiff's petition seeks an order restraining three individuals, Michael J. Doyle, Robert Bressler, and Charles Ballard, from acting as an arbitration panel in grievance cases brought by the union on behalf of former employees of the plaintiff. The union was not named as a defendant but on motion was allowed to intervene in the state court as a party-defendant.

The plaintiff company now moves to remand this action on the ground that this Court is without jurisdiction.

The propriety of removal depends upon whether an original action brought here by the plaintiff would be proper. 28 U.S.C. § 1441 (1964). This question depends in turn upon whether section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1964), authorizes such a suit. The company claims this is not a suit for violation of a contract between an employer and a labor organization because, it is alleged, there is no contract[1] and consequently, there exist no grounds for section 301 jurisdiction. While there may have been a time when such a claim would have been upheld, judicial decisions have since read such breadth into the scope of section 301 that the remand motion must be denied.

In 1957 the Supreme Court held that federal district courts have jurisdiction under section 301 to entertain a suit brought to compel arbitration under an existing labor contract. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Since then it has been held that jurisdiction also exists in the converse situation, i. e., in an action to prevent arbitration on the ground of non-arbitrability. Black-Clawson Co. v. International Ass'n of Mach., 313 F.2d 179 (2d Cir. 1962). Employing Plasterer's Ass'n v. Operative Plasterers and Cement Masons Int'l, 172 F.Supp. 337 (N.D.Ill.1959). From that point it is certainly a short step to the present situation: a suit to prevent arbitration because allegedly there is no contract in existence. Logic requires that if the court has jurisdiction where the ground for relief is that the dispute is non-arbitrable because it is not covered by the contract, jurisdiction ought to also

---

1. In the words of plaintiff's petition, "there is not now in existence between the plaintiff and the aforementioned local Union a collective bargaining agreement. * * *" The company, along with another Toledo department store, made this same claim in prior litigation in this Court but was ultimately rebuffed by the Supreme Court. Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962). Footnote 4 of that opinion sets out the agreement between plaintiff and the union.

lie where the ground is non-arbitrability because no contract exists. Other courts agree. In A. Seltzer & Co. v. Livingston, 253 F.Supp. 509 (S.D.N.Y.), aff'd, 361 F.2d 218 (2d Cir. 1966), the employer attempted to restrain arbitration because of the alleged invalidity of the labor contract. In L. O. Koven & Brother, Inc. v. Local Union No. 5767, United Steelworkers, 250 F.Supp. 810 (D.N.J.1966), the plaintiff-employer sought to enjoin the union from submitting to arbitration a claim allegedly discharged by a general release. And in a case squarely in point, Application of Contessa Lingerie, Inc., 227 F.Supp. 37 (S.D.N.Y.1964), the employer sought a stay of arbitration on the theory that it was not a party to a contract requiring it to arbitrate. In each of the foregoing cases the courts found section 301 jurisdiction. The same is required here. The remand motion is denied.